```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SHANIQUA ROGERS,

                        Plaintiff,              MEMORANDUM AND ORDER
        v.                                      23-CV-0538 (RPK) (TAM)

EXPERIAN INFORMATION SOLUTIONS,
INC.,

                        Defendant.
-----------------------------------------------------------x
```

RACHEL P. KOVNER, United States District Judge:

*Pro se* plaintiff Shaniqua Rogers sued defendant Experian Information Solutions, Inc., under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and New York State laws. *See* Compl. (Dkt. #1). Experian has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). *See* Mot. to Dismiss (Dkt. #15). For the reasons set out below, the motion to dismiss is granted.

## BACKGROUND

The following facts are drawn from the complaint and are assumed true for purposes of this order.

Plaintiff alleges that "[t]here were accounts and personal information that were furnished inaccurately on [p]laintiff's reports" from Experian, a credit reporting agency. Compl. ¶ 9. She does not specify what the alleged inaccuracies were. *See generally* Compl. Plaintiff states that she submitted Consumer Financial Protection Bureau complaints to question the accuracy and completeness of her Experian "consumer file." *Id.* ¶ 8. She alleges that Experian failed to "properly investigate disputes, sent generic letters and failed to provide lawful information about [p]laintiff's consumer file and consumer report after numerous requests." *Id.* ¶ 11. Plaintiff further

1

alleges that Experian's "procedures to furnish and verify information are inaccurate or incomplete." *Id.* ¶ 13. Plaintiff claims that Experian's furnishing of inaccurate information "caused damage to [p]laintiff's credit report and limited [p]laintiff's desire to extend credit for personal, family, or household purposes," *id.* ¶ 14, caused plaintiff to face "numerous adverse actions for credit extensions," *id.* ¶ 15, and caused her "severe emotional distress," *id.* ¶ 17.

Plaintiff filed this lawsuit in 2023, alleging that Experian violated the FCRA, which authorizes consumers to sue "any person" who "willfully" or "negligent[ly]" fails to comply with the FCRA's requirements. 15 U.S.C. §§ 1681n, 1681o. Plaintiff alleges that Experian acted negligently by failing to (i) compile and maintain an accurate consumer file for plaintiff, (ii) furnish accurate information on her consumer report, (iii) investigate plaintiff's evidence of inaccuracy, and (iv) correct the inaccurate information. Compl. ¶¶ 21–29. Plaintiff also brings state-law claims for violations of the New York Fair Credit Reporting Act ("NYFCRA"), N.Y. Gen. Bus. Law § 380, as well as for defamation of character and "assumption of duty." *Id.* ¶¶ 30–41. Plaintiff seeks "punitive, actual and statutory damages" from Experian. *Id.* ¶ 18.

Experian has moved to dismiss the complaint under Rule 12(b)(6). *See* Mot. to Dismiss.

## STANDARD OF REVIEW

A complaint will only survive a motion to dismiss when it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When evaluating a motion to dismiss under Rule 12(b)(6), a court "accept[s] all factual allegations in the complaint as true and draw[s] all reasonable inferences in favor of the plaintiff." *Olson v. Major League Baseball*, 29 F.4th 59, 71 (2d Cir. 2022). But "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (citation omitted); *see*

*Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotation marks, brackets, and citations omitted)).

The complaint of a *pro se* plaintiff must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). *Pro se* status, however, does not "exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

**DISCUSSION**

Plaintiff has not plausibly alleged that Experian violated the FCRA or the NYFCRA. As alleged, plaintiff's state common-law claims are expressly preempted by the FCRA. Even if plaintiff's common-law claims were not preempted, she fails to state sufficient facts to support those claims.

**I.   Plaintiff's FCRA Claims Are Dismissed**

Plaintiff has failed to plausibly allege any violations of the FCRA. The FCRA "regulates the consumer reporting agencies that compile and disseminate personal information about consumers" and "imposes a host of requirements concerning the creation and use of consumer reports." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 418 (2021) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 335 (2016)). The complaint appears to assert violations of 15 U.S.C. §§ 1681e(b) and 1681i. *See* Compl. ¶¶ 21–29. Those sections require Experian to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates," 15 U.S.C. § 1681e(b), and to "conduct a reasonable

3

reinvestigation" when the "the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer," *id*. § 1681i.

Plaintiff fails to adequately allege that Experian violated Section 1681e(b) or 1681i. To bring claims under these provisions, plaintiff must plausibly allege (among other things) that (i) her credit report contained disputed information that is inaccurate, and (ii) defendant failed to follow reasonable procedures to assure maximum possible accuracy of a report, *see id*. § 1681e(b), or to reinvestigate, *see id*. § 1681i. *See, e.g.*, *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 269–70 (2d Cir. 2023) (discussing claims under Section 1681e(b)); *Jones v. Experian Info. Sols., Inc.*, 982 F. Supp. 2d 268, 272–74 (S.D.N.Y. 2013) (compiling cases addressing claims under Section 1681i). Plaintiff has not done so.

Plaintiff has not adequately pleaded an inaccuracy because she fails to specify what information in her credit report was incorrect and why. Plaintiff makes only conclusory allegations that Experian reported "inaccurate information," Compl. ¶ 22, and "did not delete names, addresses, and other contact information that were inaccurate," *id.* ¶ 27. Courts routinely dismiss Section 1681e(b) and 1681i claims like this that do not identify specific misstatements and explain why they were incorrect. *See, e.g.*, *Varlack v. Transunion*, No. 23-CV-6760 (LTS), 2023 WL 6608980, at *2 (S.D.N.Y. Oct. 10, 2023) (dismissing Section 1681e(b) claim because plaintiff did not "plead facts about what inaccurate information appeared on her consumer reports . . . other than stating that there was a 'billing error'"); *Gestetner v. Equifax Info. Servs., LLC*, No. 18-CV-5665 (JFK), 2019 WL 1172283, at *2 (S.D.N.Y. Mar. 13, 2019) (dismissing both Section 1681e(b) and 1681i claims because the complaint did not include "any explanation as to why" information was inaccurate); *Khan v. Equifax Info. Servs., LLC*, No. 18-CV-6367 (MKB), 2019 WL 2492762, at *4 (E.D.N.Y. June 14, 2019) (dismissing both Section 1681e(b) and 1681i claims because

4

plaintiff did not "state facts demonstrating that [d]efendant's report about [p]laintiff was inaccurate" and collecting cases); *see also Henry v. Flagstar Bank, FSB*, No. 16-CV-1504 (JMA), 2019 WL 1471267, at *2 (E.D.N.Y. Mar. 31, 2019) (dismissing FCRA claim because plaintiffs did not allege "what information [defendant] allegedly reported, to whom, why it was allegedly false, or any other information that could support such a claim").

The complaint is also devoid of factual allegations regarding Experian's procedures to ensure the accuracy of its reports, *see* 15 U.S.C. § 1681e(b), or to reinvestigate any disputed information, *see id.* § 1681i. Because Sections 1681e(b) and 1681i do not impose strict liability for inaccuracies, the failure to allege what steps Experian took or failed to take pertaining to the accuracy of its reports is an independent basis to dismiss plaintiff's FCRA claims. *See Ahmad v. Experian Info. Sols., Inc.*, No. 23-CV-2222 (LJL), 2023 WL 8650192, at *5–6 (S.D.N.Y. Dec. 14, 2023) (dismissing Section 1681e(b) claim because plaintiff "states nothing at all about [defendant's] procedures" and Section 1681i claim because plaintiff did not allege "what [d]efendant *did* in the course of reinvestigating" (citation and internal quotation marks omitted)); *Nguyen v. Ridgewood Sav. Bank*, No. 14-CV-1058 (MKB), 2015 WL 2354308, at *11 (E.D.N.Y. May 15, 2015) (dismissing Section 1681e(b) claim because plaintiff failed "to make any allegations relating to the procedures . . . Experian instituted to ensure the accuracy of the information" and Section 1681i claim because plaintiff failed "to make any allegations regarding either the procedures followed or investigations by . . . Experian in response to [plaintiff's] complaints").

In sum, because plaintiff's allegations amount to little more than "a formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, the Court cannot "draw the

5

reasonable inference that the defendant is liable" under the FCRA, *Iqbal*, 556 U.S. at 678. Plaintiff's FCRA claims are accordingly dismissed.

## II. Plaintiff's State-Law Claims Are Dismissed

Plaintiff's claims under New York State law are also dismissed. While plaintiff does not explicitly invoke diversity jurisdiction as a basis for this Court to exercise subject matter jurisdiction over these claims, plaintiff has pleaded that the parties are diverse, *see* Compl. ¶¶ 5, 7, and that the amount in controversy exceeds the sum or value of $75,000, *see id.* at 5 ("Invoice"). The Court therefore considers plaintiff's state-law claims under its diversity jurisdiction. *See* 28 U.S.C. § 1332.

### A. *Plaintiff Fails to State NYFCRA Claims*

Plaintiff's claims that Experian violated Sections 380-j(a), 380-h(a), and 380-h(b) of the NYFCRA are dismissed.

Plaintiff fails to state a claim under Section 380-j(a) of the NYFCRA. As relevant here, Section 380-j(a) prohibits a consumer agency from "report[ing] or maintain[ing] in the file on a consumer" information "which it has reason to know is inaccurate." N.Y. Gen. Bus. Law § 380-j(a)(4). "Because the language of the NYFCRA and the FCRA is substantially similar," the Court's "conclusions regarding the FCRA also dispose of [plaintiff's] NYFCRA claim[]." *Mader*, 56 F.4th at 267 n.1; *see Ahmad*, 2023 WL 8650192, at *4 n.4 ("[T]he Court's discussion of [p]laintiff's claims under the FCRA also applies to the extent he intends to assert claims under the NYFCRA."). As discussed above, plaintiff's FCRA claims are dismissed because plaintiff failed to plausibly allege that her consumer report or file contained inaccurate information. *See supra* pp. 4–5. Accordingly, her Section 380-j(a) claim is dismissed for the same reason.

Plaintiff's claim that Experian failed to furnish "a copy of investigative consumer reports after requests," in violation of Sections 380-h(a) and (b), is also dismissed. Neither of those

6

sections requires a consumer reporting agency to supply a copy of investigative reports to a consumer upon her request. *See* N.Y. Gen. Bus. Law §§ 380-h(a), 380-h(b). Plaintiff's Section 380-h(a) and (b) claims are therefore dismissed.

B. *Plaintiff Fails to State Any Common-Law Claims*

Plaintiff's common-law claims also fail. While plaintiff pleads claims for defamation of character and "assumption of duty," "assumption of duty" is not itself a cause of action but is instead "a theory that satisfies one of the multiple elements a plaintiff must allege to plead a claim for negligence." *Kloner v. United States*, No. 13-CV-3171 (MKB), 2016 WL 5921071, at *5 (E.D.N.Y. Oct. 11, 2016) (collecting cases). The Court therefore construes the complaint as bringing negligence and defamation claims, which fail both because they are preempted by the FCRA and because, in any event, they are too conclusory to survive dismissal.

Plaintiff's negligence and defamation claims are expressly preempted by the FCRA. The FCRA preempts "any action or proceeding in the nature of defamation . . . or negligence with respect to the reporting of information against any consumer reporting agency . . . based in whole or in part on [a consumer] report[,] except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e). Because plaintiff does not plausibly allege that Experian acted with malice or willful intent to injure, the FCRA bars plaintiff from bringing these causes of action. *See Desmarattes v. Equifax*, No. 22-CV-3330 (KAM), 2023 WL 8473362, at *11 (E.D.N.Y. Dec. 7, 2023) (dismissing defamation claim because plaintiff did not "allege[] facts establishing malice or willful intent to injure"); *Holmes v. Experian Info. Sols., Inc.*, 507 F. App'x 33, 35 (2d Cir. 2013) (affirming district court's ruling "that the FCRA preempts claims of negligence by consumer reporting agencies, allowing recovery only for malice or willfulness, which [plaintiff] did not allege").

7

Even if the FCRA did not preempt plaintiff's negligence and defamation claims, plaintiff fails to allege nonconclusory facts to support those claims. To state a claim for defamation, a complaint must allege, among other elements, "a false statement that is . . . published to a third party." *Elias v. Rolling Stone LLC*, 872 F.3d 97, 104 (2d Cir. 2017). And in alleging her negligence claim, plaintiff asserts that Experian breached its "duty to address, provide reasonable care, and prevent incomplete and inaccurate information on [p]laintiff's credit report and consumer file." Compl. ¶ 40. Because, as discussed above, plaintiff has not plausibly alleged her credit report contained inaccurate or false information, *see supra* pp. 4–5, her defamation and negligence claims fail.

## CONCLUSION

Defendant's motion to dismiss is granted, and the complaint is dismissed. Plaintiff may file an amended complaint within 30 days of the date of this Order. If plaintiff does not file an amended complaint within 30 days, judgment shall be entered dismissing the case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, so *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: March 29, 2024
      Brooklyn, New York